Argued and submitted October 30, 1991, reversed and remanded for reconsideration
May 13, 1992

In the Matter of the Compensation of
Ralph L. Witt, Claimant.

## EBI INSURANCE COMPANY
and Bear Creek Electric,
*Petitioners,*

*v.*

Ralph L. WITT,
*Respondent.*

(88-07709; CA A67717)

830 P2d 599

Howard R. Nielsen, Lake Oswego, argued the cause for petitioners. With him on the brief was Beers, Zimmerman, Rice, Isaacs & Nielsen, Lake Oswego.

Robert L. Chapman, Medford, argued the cause for respondent. With him on the brief was Black, Chapman & Webber, Medford.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Employer seeks review of an order of the Workers' Compensation Board that granted claimant temporary partial disability (TPD) benefits for time loss that extended beyond 2 years. We reverse and remand.

Claimant, an electrician, contracted a compensable asbestos-related lung disease that became disabling in June, 1984. He was temporarily totally disabled from July 24 through September 12, 1984, while he recovered from surgery for that disease. He has been at least partially disabled ever since. His lung condition has gradually deteriorated, and his overall physical capacity has gradually decreased. His treating physician has never released him for full time regular work. He worked approximately 5 hours per day from September, 1984, until December, 1987, when he again had surgery. He was unable to work at all from December 16 through December 23, 1987; then he worked part time until May, 1988, when he stopped working altogether. In October, 1988, his doctor indicated that he could perform sedentary work for short periods of time but warned that environmental factors, such as dust, odors and volatile chemicals, might aggravate his condition. A revised assessment in February, 1989, disclosed that his condition had continued to deteriorate. The examining physician explained:

> "He could do some work but would have to pace himself in terms of activity level and time per day spent working. He could work with his hands for many hours but would ambulate slowly and need a chance to rest."

Claimant has never been declared medically stationary, and a determination order has never issued.

The Board awarded compensation for 2 years of time loss after the first surgery and for all of the time loss after the second surgery through May, 1988. Employer argues that claimant is not entitled to any compensation for time loss after the second surgery, because ORS 656.212 limits benefits for a temporary partial disability to 2 years.

ORS 656.212 provides:

> "When the disability is or becomes partial only and is temporary in character, the worker shall receive for a period not exceeding two years that proportion of the payments

provided for temporary total disability which the loss of earning power at any kind of work bears to the earning power existing at the time of the occurrence of the injury."

The Board reasoned that the limitation applies only to a "period" during which disability is "partial only" and continues for 2 years with no intervening period of total disability. It held that claimant's week of total disability after the December, 1987, surgery ended the preceding "period" of partial disability; the disability *became* partial again when he went back to work part time after that surgery, which triggered a new "period" of entitlement. It said that "if the statute had intended to combine separate intervals of temporary partial disability in reaching the two year 'period,' some reference would have been made to an aggregate formula."

Employer argues that the plain language of the statute does not support the Board's interpretation that a claimant can be entitled to more than one 2-year period for the same open claim. We need not address that issue, because we conclude that the statute does not apply to this case.

In ORS 656.212, "partial only" and "temporary in character" modify the noun "disability." They do not modify "benefits," "compensation" or "payments."[1] Whether claimant's disability is "partial" and whether it is "temporary in character" are questions of fact. "[T]he adjectives 'permanent' and 'temporary' describe duration, not extent, of disability. 'Partial' and 'total' describe extent." *Gwynn v. SAIF*, 304 Or 345, 351, 745 P2d 775 (1987). The parties agree that claimant is disabled and that he is not expected ever to recover fully from being disabled. His *disability* is not "temporary in character," according to the evidence.

However, neither the referee nor the Board decided whether claimant's disability is temporary in character. They

---

[1] Employer quotes OAR 436-60-030(4)(c), although it makes no particular argument about it:

"Temporary partial disability compensation paid under section (3) shall continue until:

"(a) The attending physician verifies that the worker cannot continue working and is again temporarily totally disabled; or

"(b) The compensation is terminated by order of the Department or by claim closure by the insurer pursuant to ORS 656.268; or

"(c) The compensation has been paid for two years."

merely remarked that he "had not been found" medically stationary and that the claim had not been closed. All of the evidence in the record demonstrates that, at least since the second surgery, no one has ever expected claimant's condition to improve, only to deteriorate. Even employer concedes that "[n]obody disagrees this guy has permanent impairment." There is no evidence in the record that would support a finding that, after the second surgery, claimant was ever expected to become less disabled or recover from his disease and regain his normal physical capacity. The record does not support a conclusion that claimant's disability is "temporary in character." ORS 656.212 does not apply.

Reversed and remanded for reconsideration.